**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2350
_____

DONTE LAWRENCE,
                    Appellant

v.

SUPERINTENDENT DALLAS SCI;
THE DISTRICT ATTORNEY OF
THE COUNTY OF CHESTER;
THE ATTORNEY GENERAL OF
THE STATE OF PENNSYLVANIA

_____

On Appeal from United States District Court
for the Eastern District of Pennsylvania
(E.D.Pa. Civil No. 2-17-cv-00871)
District Court Judge: Honorable Gerald J. Pappert

_____

Argued: May 20, 2021
_____

Before: McKEE, RESTREPO, and FUENTES, *Circuit Judges*

(Opinion filed: June 10, 2021)

Thomas A. Dreyer, Esq. **[Argued]**
30 Running Brook Road
Glen Mills, PA 19342

Nicholas J. Casenta, Jr., Esq. **[Argued]**
Chester County Office of District Attorney
Suite 4450
201 West Market Street

P.O. Box 2746
West Chester, PA 19380

Ronald Eisenberg, Esq.
Office of Attorney General of Pennsylvania
1600 Arch Street
Suite 300
Philadelphia, PA 19103

OPINION<sup>*</sup>

_____

McKEE, *Circuit Judge*.

Donte Lawrence appeals the District Court's denial of his writ of habeas corpus

petition. He argues that trial counsel rendered constitutionally ineffective assistance by

failing to object to the Commonwealth's characterization of him as a "cold-blooded

murderer" during its opening statement. For the reasons that follow, we will affirm the

District Court.[1]

**I.**

To prevail on an ineffective assistance of counsel claim, Lawrence must show that

trial counsel's performance fell below an objective standard of reasonableness and that

trial counsel's errors prejudiced his defense.[2] In determining whether trial counsel's

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction over this action pursuant to 28 U.S.C. § 2254. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 2253. Because the District Court ruled on the habeas petition without holding an evidentiary hearing, our review of its decision is plenary. *Dellavecchia v. Sec'y Pa. Dep't of Corr.*, 819 F.3d 682, 691 (3d Cir. 2016).

[2] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

2

performance was deficient, we must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[3] Here, trial counsel's choice to withhold objection is entitled to double deference under *Strickland v. Washington* and the Antiterrorism and Effective Death Penalty Act.[4] Accordingly, counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[5] Even if we were to find that trial counsel rendered ineffective assistance, we would then have to determine that the state court's contrary holding was unreasonable under the Supreme Court's decision in *Harrington v. Richter*, wherein the Court explained that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision."[6]

During the Post-Conviction Relief Act hearing, trial counsel explained that he did not believe the comment would warrant a mistrial and did not want to further highlight the Commonwealth's characterization of his client.[7] That was certainly a reasonable strategy. However, even if we concluded it was an unreasonable dereliction of the standard of professionalism owed Lawrence, the double deference that *Richter* requires

---

[3] *Id.* at 689.
[4] *See, e.g.*, *Premo v. Moore*, 562 U.S. 115, 121-23 (2011).
[5] *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (internal quotation marks omitted) (quoting *Strickland*, 466 U.S. at 690).
[6] 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).
[7] **App. at 127.**

would still preclude our holding that the state court's contrary conclusion was unreasonable.

Nevertheless, before concluding, we emphasize that the fact that we must affirm the District Court's denial of Lawrence's habeas petition in no way suggests that the prosecutor's opening statement here was appropriate or proper. On the contrary, the prosecutor's opening was the kind of argument that should be reserved for summation, where such argument is allowed so long as it is based on the trial record. Given the zeal of the Commonwealth's opening statement here, it is apparently necessary for us to remind counsel of a fundamental principle of trial advocacy: "[t]he purpose of an opening [statement] is to give the broad outlines of the case to enable the jury to comprehend it. *It is not to poison the jury's mind against the defendant . . . .*"[8] Neither the emotion of the courtroom nor adversarial zeal should blind attorneys to the fact that "[a]n opening statement has a narrow purpose and scope. It is to state what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole; is not an occasion for argument."[9]

Nevertheless, a habeas petitioner must establish more than an ill-advised or unprofessional opening statement by a prosecutor to establish relief under *Strickland*. For the reasons we have explained, any professional transgression here is simply not sufficient to establish that Lawrence is entitled to relief.

---

[8] *United States v. DeRosa*, 548 F.2d 464, 470 (1977) (emphasis added) (quoting *Gov't of Virgin Islands v. Turner*, 409 F.2d 102, 103 (1968)).
[9] *Id*. at 471 (quoting *United States v. Dinitz*, 424 U.S. 600, 612 (1976) (Burger C.J., concurring)).

**II.**

Thus, we will affirm the District Court's denial of Lawrence's petition for a writ of habeas corpus.